IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 07- 89-JJF |
| MARZETTE KING, | : |
| Defendant. | : |

**DEFENDANT'S MOTION TO SUPPRESS
PHYSICAL EVIDENCE AND STATEMENTS**

Defendant, Marzette King, by and through his undersigned counsel, Edson A. Bostic, Federal Public Defender, District of Delaware, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth and Fifth Amendments of the United States Constitution, for an Order suppressing the Government's use of any and all evidence illegally seized by law enforcement officials on or about May 31, 2007, including but not limited to physical evidence consisting of a weapon, and other evidence seized from defendant's vehicle, as well as all statements made subsequent to the illegal search and seizure.

In support thereof, Mr. King avers as follows:[1]

1. On or about May 31, 2007, Wilmington Police Officers, Scholl and his partner, were on routine patrol in the area of 30th and Market Streets in the City of Wilmington, Delaware. The

---

[1] The facts contained in paragraphs 1-6 of this motion were taken from the arresting officer's Report of Investigation and discovery. Although Mr. King cites these facts in his motion, he does not concede that the events transpired as stated by the arresting officer. Mr. King submits that an evidentiary hearing is needed to further develop the facts, which are determinative of this motion.

officers saw a white four door Chevrolet, bearing Delaware license plate 740925 leaving the parking lot of a gas station in the area.

2. The officers then proceeded to conduct a wanted/stolen vehicle check on the license plate of the vehicle. According to the officers, their investigation revealed that the vehicle had been transferred on January 19, 2007.

3. The officers followed the vehicle for several blocks and then pulled the driver over in the area of East 31st Street. Mr. King was the driver of the vehicle. The officers, upon stopping the vehicle, asked Mr. King for his driver's license, registration and insurance information. According to police, Mr. King informed that he had none of the requested documents.

4. The officers obtained his name and conducted a wanted check through the "LEISS" system. That check revealed that Mr. King had a suspended drivers license and a capias for traffic violations along with a caution code for being armed. Mr. King was then handcuffed and searched and placed in custody. The vehicle was also searched allegedly because it was to be towed.

5. During the search of the trunk area, a weapon was recovered under a large, dark plastic bag. The weapon was seized and rendered safe by the police. According to police, Mr. King, who was sitting in the back of the police car, then stated that he did not know where the weapon came from and that he bought the car four days earlier.

6. The discovery also indicates that, Mr. King was later mirandized at the police station, and further made other incriminating statements to police.

7. The State of Delaware declined prosecution in lieu of federal prosecution under the "Fed-Up" Program, a collaborative based prosecution between the United States Attorney's Office

and the Attorney General's Office.

8.  Consequently, on or about June 26, 2007, Mr. King was charged in a one count indictment with violation of 18 U.S.C.§§ 922 (g)(1) and 924 (a)(2).

### A. No Probable Cause to Support the Traffic and Seizure of Mr. King and his Vehicle.

The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." See U.S. CONST. Amend. IV. Temporary detention of individuals during an automobile stop by the police, "even if only for a brief period, constitutes a 'seizure' of 'persons' within the meaning of this provision." Whren v. United States, 517 U.S. 806, 809-10 (1996) ("An automobile stop is thus subject to the constitutional imperative that it not be 'unreasonable' under the circumstances."). See also United States v. Delfin-Colfina, 464 F.3d 392 (3rd Cir. 2006) (stating that a traffic stop will be deemed a reasonable seizure if the police possessed, specific, articulable facts that the individual violated a traffic law at the time of the stop).

Based upon information and belief, the police officers lacked reasonable suspicion to initiate a traffic stop of Mr. King's vehicle. While Mr. King was ticketed for several traffic violations, Mr. King believes and argues that the basis of the stop was not based upon reasonable suspicion or probable cause. See Delaware v. Prouse, 440 U.S. 648, 663, 99 S.Ct. 1401 (1979). (Stopping an automobile and detaining the driver in order to check his driver's license and the registration of the automobile are unreasonable under the Fourth Amendment.) Thus, if the officers lacked reasonable suspicion to initiate a traffic stop of Mr. King's vehicle, and any evidence discovered as a result of this illegal stop must be suppressed as "fruit of the poisonous

tree." See also Wong-Sun v. United States, 371 U.S. 471 (1963).

### B. Statement of Evidence

Mr. King also submits that any alleged statements made during, or subsequent to, his illegal search and seizure must be suppressed pursuant to the Fifth Amendment and Miranda v. Washington, 384 U.S. 436, 444 (1966) because he did not knowingly, intelligently and voluntarily waive his Miranda rights. See id. (stating that a suspect subjected to custodial interrogation must be advised of his rights prior to making a statement, and a "defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually, and reliably determined."). See also Jackson v. Denno, 378 U.S. 368, 380 (1964). Once the defendant challenges the admissibility of an alleged statement, the government bears the burden of establishing compliance with Miranda and its progeny, and must demonstrate that the suspect knowingly, intelligently and voluntarily waived his or her rights. Id. at 444.

WHEREFORE, Mr. King respectfully submits that this Court conduct a hearing to further develop the facts related to this Motion and enter an Order suppressing the Government's use of any and all physical evidence illegally seized by law enforcement officials on or about May 31, 2007, including any alleged statements made by Mr. King on or about said date.

                                        Respectfully submitted,

                                        /s/_____

                                        Edson A. Bostic
                                        Federal Public Defender

                                        Attorney for Marzette King

Federal Public Defender's Office
District of Delaware
704 King Street, Suite 110
Wilmington, DE 19801
(302) 573-6010
ecf_de@msn.com

Dated: August 17, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Criminal Action No. 07-89-JJF |
| : | |
| MARZETTE KING : | |
| : | |
| Defendant. : | |

**ORDER**

**AND NOW**, this ____ day of _____, 2007, upon consideration of the Defendant's Motion to Suppress Physical Evidence and Statements, and the Government's response thereto, it is hereby ORDERED that the Motion is GRANTED.

All physical evidence seized by the Wilmington Police Department on May 31, 2007, and statements made by the Defendant to law enforcement officials on May 31, 2007, are hereby **SUPPRESSED**. Such physical evidence and statements shall be inadmissible, for any purpose, by the Government.

                    **BY THE COURT:**

                    _____
                    Honorable Joseph J. Farnan, Jr.
                    United States District Court Judge