IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-89-JJF |
| | : | |
| MARZETTE KING, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION TO SUPPRESS OUT OF COURT IDENTIFICATION AND TO PRECLUDE IDENTIFICATION AT TRIAL**

Defendant, Marzette King, by and through his Attorney, Edson A. Bostic, Federal Public Defender, District of Delaware, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3), for an order suppressing all out of out-of-court and in-court identifications of Mr. King by any witnesses at trial.

As grounds, it is stated:

1. On or about May 31, 2007, Wilmington Police Officers, Scholl and his partner, were on routine patrol in the area of 30th and Market Streets in the City of Wilmington, Delaware. The officers saw a white four door Chevrolet, bearing Delaware license plate 740925 leaving the parking lot of a gas station in the area.

2. The officers followed the vehicle for several blocks and then pulled the driver over in the area of East 31st Street. Mr. King was the driver of the vehicle. The officers, upon stopping the vehicle, asked Mr. King for his driver's license, registration and insurance information. According to police Mr. King informed that he had none of the requested documents.

3.  The officers obtained his name and conducted a wanted check through the "LEISS" system. That check revealed that Mr. King had a suspended driver's license and a capias for traffic violations along with a caution code for being armed. Mr. King was then handcuffed and searched and placed in custody. The vehicle was also searched allegedly because it was to be towed. During the search of the trunk area, a weapon was recovered under a large, dark plastic bag. The weapon was searched and rendered safe by the police. According to police, Mr. King, who was sitting in the back of the police car, then stated that he did not know where the weapon came from and that he bought the car four days earlier.

4.  The government discovery indicates that Mr. King was later mirandized at the police station, and further made other incriminating statements to police.

5.  As a result of the traffic stop and search of Mr. King's car and further questioning of him, police obtained information which they used to locate several witnesses. Those witnesses consist of the person from whom Mr. King allegedly purchased the vehicle, as well as an automobile parts store clerk from whom he supposedly bought other items also seized from the trunk of the car.

6.  Thereafter on or about June 5, 2007, police showed a color photograph of Mr. King to the individual[1] who sold the car which the defendant was driving. That individual purportedly made an identification of Mr. King.

7.  The State of Delaware declined prosecution in lieu of federal prosecution under the "Fed-Up" program, a collaborative based prosecution between the United States Attorney's Office. and the Attorney General's Office.

---

[1] The discovery redacts the name of the person who allegedly sold the car to Mr. King.

8.  Consequently, on or about June 26, 2007. Mr. King was charged in a one count indictment with violation of 18:922 (g)(1) and 924 (a)(2).

9.  Upon information and belief, the photographic, identification, procedure which resulted in an identification of the defendant, was improper and unduly suggestive and, therefore, unreliable.

10.  In Stovall v. Denno, 388 U.S. 293 (1967), the Supreme Court recognized a due process right to exclude identification evidence resulting from unnecessarily suggestive procedures which undermine the identification's reliability and creates a substantial risk of misidentification. Government of Virgin Islands v. Riley, 973 F.2d at 228 (3rd Cir. 1992); United States v. Dowling, 8S5 F.2d 114, 117 (3rd Cir. 1988), aff'd, 493 U.S. 342 (1990); Neil v. Biggers, 409 U.S. 188, 198-99 (1972). The Third Circuit in Reese v. Fulcomer, 946 F.2d 247, 258 (3rd Cir. 1991), articulated the standard of a "very substantial likelihood of irreparable misidentification" (quoting Mamson v. Brathwaite, 432 U.S. 98, 116 (1977). Moreover, if the suggestiveness undermines the reliability of a proposed in-court identification, such an identification may not be elicited, Mamson, supra.

The presentation of a single photo to the eye-witness is fraught with improper suggestiveness. And, there is no explanation why the police did not employ a less suggestive line-up or photo array, instead of the procedure utilized. See United States v. Brownlee, 454 F. 3d 131, 138 ( 3rd. Cir. 2006) (citation omitted). As such, the identification of the defendant should be excluded.

WHEREFORE, Mr. King respectfully requests that this Court conduct a hearing to further develop the facts related to this motion, and enter an Order suppressing both out-of-court and in-court identification testimony.

        Respectfully submitted,

        /s/ _____
        Edson A. Bostic
        Federal Public Defender

        Attorney for Marzette King

Federal Public Defender's Office
District of Delaware
704 King Street, Suite 110
Wilmington, DE 19801
(302) 573-6010
ecf_de@msn.com

Dated: August 17, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No.  07-89-JJF |
| | : | |
| MAZETTE KING, | : | |
| | : | |
| Defendant. | : | |

## **O R D E R**

**AND NOW**, this        day of                    , 2007, in consideration of Defendant's Motion to Suppress Out-of-court and All In-court Identifications and to Preclude Identification at Trial, and the government's response thereto, it is hereby ordered that the motion is **GRANTED**. The government is precluded from introducing all out-of-court and in-court identifications of the defendant by any eyewitnesses at trial.

                                                BY THE COURT:

                                                Honorable Joseph J. Farnan, Jr.
                                                United States District Court Judge