IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Criminal Action No. 07-89-JJF |
| : | |
| MARZETTE KING, : | |
| : | |
| Defendant. : | |

**DEFENDANT'S MOTION FOR
DISCLOSURE OF EXCULPATORY EVIDENCE**

AND NOW comes the defendant, Marzette King, by his attorney Luis A. Ortiz of the Federal Public Defender's Office, and pursuant to the Due Process Clause of the Fifth Amendment, files this Motion for Disclosure of Exculpatory Evidence.

1. By the indictment filed on June 26, 2007, defendant Marzette King was charged with one count of possession of a firearm by a convicted person, in violation of 18 U.S.C. § 922(g)(1).

2. The indictment alleges that on May 31, 2007, defendant Marzette King knowingly possessed a Ruger semi-automatic handgun.

3. The government proceeds on a theory of constructive possession; specifically, the government alleges that the Ruger firearm was found in the trunk of a Chevrolet Caprice automobile, that the defendant was the operator of the vehicle, and that the defendant was constructively in possession of the gun in the trunk.

4. In the discovery, defense counsel was provided with a redacted copy of an "Initial Crime Report" prepared by the Wilmington Police Department; the report, attached hereto as Exhibit A, alleges as follows:

   a.   that Mr. King was the operator of the Chevy Caprice;

   b.   that the vehicle was stopped on suspicion of non-registration;

   c.   that police conducted a search of the vehicle;

      d.     that the Ruger firearm was discovered in the trunk of the vehicle, underneath a large gray plastic bag; and

      e.     that the plastic bag contained "two large white tank top tee shirts, white Nike hightop shoes (9 1/2 in size) blue jeans (34 inch waste) four pair of white ankle socks, and several miscellaneous car parts."

5.     The Initial Crime Report represents that when the firearm was removed from the trunk by police, the defendant exclaimed that he didn't know where it came from (Exhibit A, page 2, par. 3).

6.     The Initial Crime Report further represents that in a post-arrest statement, Mr. King indicated that he purchased the vehicle four days earlier, that the purchase price was $400.00, and that the seller was a "slim, dusty looking" white male "around 35 years old" (Exhibit A, page 3, par. 1).

7.     In the discovery, defense counsel was provided with a redacted copy of an ATF report reflecting an interview with the white male who sold the Chevy Caprice to the defendant (Exhibit B).

8.     The white male advised that he sold the vehicle to a stocky dark-skinned black male on May 21 or 22, 2007 (a date which was nine or ten days prior to the police search of defendant's vehicle) (Exhibit B, paragraph 3).

9.     At the suppression hearing conducted on October 1, 2007, ATF Agent Paul Gemmato testified that he had interviewed the person who sold the vehicle to the defendant; Agent Gemmato described the seller as a "slim, dusty-looking white male" who was 35 years of age (S.H., pp. 52-53).

10.    The name of the seller is blacked-out on the copy of the ATF report provided to

defense counsel (Exhibit B).

11. Defense counsel has asked the prosecutor to provide the name and address of the slim white male, who sold the vehicle to defendant Marzette King.

12. The government has declined to provide the name or address to defense counsel.

13. On February 8, 2008, Assistant Federal Public Defender, Luis A. Ortiz, visited the defendant and measured his waist size; Mr. King's waist measures approximately 42 inches.

14. On March 3, 2008, Assistant Federal Public Defender, Luis A. Ortiz, spoke with the defendant's mother, Barbara King. She has indicated that Marzette King's shoe size is approximately 11½.

15. Under the Due Process Clause of the Fifth and Fourteenth Amendments, the government has a duty to disclose evidence in its possession that is favorable to the accused and is material to either guilt or punishment. United States v. Starusko, 729 F.2d 256, 260 (3d Cir. 1984), citing Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196 (1963).

16. Evidence is "material" to the defense if it "creates a reasonable doubt as to the defendant's culpability." United States v. Starusko, supra, 729 F.2d at 260, citing United States v. Agurs, 427 U.S. 97, 112, 96 S.Ct. 2392, 2401 (1976) (internal cite omitted).

17. Defendant seeks an Order of Court directing the prosecutor to provide defense counsel with the name and address of the man, who sold the Chevy Caprice to defendant Marzette King.

18. Disclosure of the name and address of the seller will permit defense counsel to serve this individual with a trial subpoena, and the witness' presence at trial will create reasonable doubt as to defendant Marzette King's culpability.

20. Specifically, the seller's testimony will show that someone other than Marzette King had recently had access to the trunk of the Chevy Caprice; in addition, the jurors will see that the seller is a person who is physically "slim;" given that the blue jeans were found in a bag atop the gun, given that the pants fit a slim person, and given that the seller is a slim person with recent access to the trunk of the car, it is submitted that the seller's trial testimony will create reasonable doubt as whether Marzette King was the person who constructively possessed the firearm.

21. As reflected in the following published decisions, the prosecutor has a duty, under Brady v. Maryland, to provide defense counsel with the names of persons whose testimony would be exculpatory and material to the defense.

22. In Monroe v. Angelone, 323 F.3d 286, 300 n.22 (4th Cir. 2003), habeas relief was granted based upon several Brady violations; one violation was the failure to disclose to defense counsel the names of witnesses who had observed a suspicious vehicle fleeing from the scene of the murder; even though the information provided by the witnesses was "somewhat vague," there was "more than a remote possibility that disclosure would have helped the defense."

23. In Bowen v. Maynard, 799 F.2d 593, 610-13 (10th Cir. 1986), habeas relief was granted based upon a Brady violation; in prosecuting defendant for murder, the government failed to honor defense counsel's request for the names of alternative suspects; information regarding an alternative suspect could have created reasonable doubt regarding defendant's guilt.

24. In United States v. Noetzel, Petro, Moran and Mack, 124 F.R.D. 518, 520 (D.Mass. 1989) (Magistrate Michael A. Ponsor), the defendants were charged with distributing cocaine. In a statement to police, defendant Noetzel identified a "Cuban male" as his source of cocaine. Defendant Moran wanted to prove that he was not the source named by Noetzel. Moran therefore moved for

disclosure of the name of the "Cuban male," the business address of the "Cuban male," and the name of an individual who had been introduced to the "Cuban male." The Magistrate directed disclosure of the requested names and addresses on the ground that the information "clearly may be exculpatory."

**WHEREFORE**, pursuant to the Due Process Clause of the Fifth Amendment, it is requested that Defendant's Motion for Disclosure of Exculpatory Evidence be GRANTED, and that the government be Ordered to provide defense counsel with the name and address of the individual, who sold the Chevy Caprice automobile to Marzette King.

                Respectfully submitted,

                ___/s/_____
                Luis A. Ortiz
                Assistant Federal Public Defender

                Attorney for Defendant Marzette King

Federal Public Defender's Office
One Customs House
704 King Street, Suite 110
Wilmington, DE  19801
303-573-6010
ecf_de@msn.com

DATED:  March 3, 2008

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 07-89-JJF |
| MARZETTE KING, | : | |
| Defendant. | : | |

## **ORDER**

AND NOW, this _____ day of _____, 2008, upon consideration of Defendant Marzette King's Motion for Disclosure of Exculpatory Evidence, it is hereby Ordered that the motion is GRANTED. Within three business days of this Order, the government shall disclose to defense counsel the name and address of the individual, who sold the Chevy Caprice automobile to defendant Marzette King.

                       By the Court,

                       **HONORABLE JOSEPH J. FARNAN, JR.**
                       United States District Court Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-89-JJF |
| | : | |
| MARZETTE KING, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

AND NOW, this _____ day of _____, 2008, upon consideration of Defendant Marzette King's Motion for Disclosure of Exculpatory Evidence, it is hereby Ordered that the motion is GRANTED. Within three business days of this Order, the government shall disclose to defense counsel the name and address of the individual, who sold the Chevy Caprice automobile to defendant Marzette King.

By the Court,

_____
**HONORABLE JOSEPH J. FARNAN, JR.**
United States District Court Judge

# EXHIBIT A

| Page: 1 | Report Date: 05/31/2007 | Agency: WILMINGTON PD | | Complaint: |
|---|---|---|---|---|
| Reported Date and Time: THU 05/31/2007 1152 | | **Initial Crime Report** | | Occurred: THU 05/31/2007 1152 |

**Location:** 99 E 31st ST   Wilmington, DE 19802

**M.O. and Incident Overview:**
The listed defendant in this incident was operating a motor vehicle that was reported transferred and with a suspended license. Further, the defendant was wanted and found to be in possession of a firearm.

| Grid | Sector | County | Domestic Related | 4-F-14 Sent? | Gen Broadcast Sent? |
|---|---|---|---|---|---|
| 060-100 | 13 | New Castle | ☐Yes ☒No | ☐Yes ☒No | ☐Yes ☒No |

## Victim Information

| Victim Number | Name |
|---|---|
| 001 | |

| Type | Sex | Race | Ethnic Origin | Age | D.O.B. |
|---|---|---|---|---|---|
| Society/Public | | | | | |

| Address | Resident Status | Home Telephone | Cell Phone |
|---|---|---|---|
| | | | |

| Reporting Person? | Victim Injured? | Victim Deceased? | Officer Comments |
|---|---|---|---|
| ☐Yes ☒No | ☐Yes ☒No | ☐Yes ☒No | |

Injuries: 
Description of Injuries:

## Suspect/Defendant Information

| Sequence | Type | SBI Number | Name | Nick Name |
|---|---|---|---|---|
| 001 | Suspect | 00325152 | KING, MARZETTE | |

| Sex | Race | Ethnic Origin | Age | D.O.B. | Height | Weight | Skin Tone | Eye Color |
|---|---|---|---|---|---|---|---|---|
| Male | Black | Non-Hispanic | 28 | 03/07/1979 | 6' 01" | 230 | Dark Brown | Brown |

| Hair Color | Hair Length | Hair Style | Facial Hair | Voice Speech | Teeth | Build | Glasses |
|---|---|---|---|---|---|---|---|
| Brown | Short | | | | | Large | |

| Disguise | Disguise Color(s) | Resident Status | Unusual Characteristics | Armed With |
|---|---|---|---|---|
| | | Full Time | | Handgun |

**Address:** 613 VALLEY STREAM DR, NEWARK, DE 19702

| Home Telephone | Cell Phone |
|---|---|

Arrest Number: 
Suspect's Clothing Description:

**Employer/School:** Unemployed
Work Telephone:

## Crimes and Associated Information

| Victim Number | Crime Seq | Statute | Crime Description |
|---|---|---|---|
| 001 | 001 | DE:21:2756:000a:M: | Driving While Suspended or Revoked |

| Location Of Offense | Status | Involvement | General Offense |
|---|---|---|---|
| Highway/Roadway/Alley/Street | Pending-Inactive | ☐Alcohol ☐Drugs ☐Computer | |

Suspected Hate/Bias: ☐Yes ☒No - N/A
Crime Code: 5405 - Moving Violation/Traffic
Burglary Force Involved: ☐Yes ☐No

| Victim Number | Crime Seq | Statute | Crime Description |
|---|---|---|---|
| 001 | 002 | DE:21:2118:000A:M: | Failure to Have Required Insurance |

| Location Of Offense | Status | Involvement | General Offense |
|---|---|---|---|
| Highway/Roadway/Alley/Street | Pending-Inactive | ☐Alcohol ☐Drugs ☐Computer | |

Suspected Hate/Bias: ☐Yes ☒No - N/A
Crime Code: 5405 - Moving Violation/Traffic
Burglary Force Involved: ☐Yes ☐No

| Victim Number | Crime Seq | Statute | Crime Description |
|---|---|---|---|
| 001 | 003 | DE:21:2503:000A:M: | Failure to Transfer Title and Registration |

| Location Of Offense | Status | Involvement | General Offense |
|---|---|---|---|
| Highway/Roadway/Alley/Street | Pending-Inactive | ☐Alcohol ☐Drugs ☐Computer | |

Suspected Hate/Bias: ☐Yes ☒No - N/A
Crime Code: 5405 - Moving Violation/Traffic
Burglary Force Involved: ☐Yes ☐No

| Victim Number | Crime Seq | Statute | Crime Description |
|---|---|---|---|
| 001 | 004 | DE:11:1442:0000:F:G | Carrying a Concealed Deadly Weapon |

| Location Of Offense | Status | Involvement | General Offense |
|---|---|---|---|
| Highway/Roadway/Alley/Street | Pending-Inactive | ☐Alcohol ☐Drugs ☐Computer | |

Suspected Hate/Bias: ☐Yes ☒No - N/A
Crime Code: 5212 - Possession of Weapon

| Reporting Officer | Pending Supervisory Review: |
|---|---|
| PTLM SCHOLL - 7366 2 | |

00000059

Case 1:07-cr-00089-JJF   Document 30-3   Filed 03/03/2008   Page 3 of 7

## Crimes and Associated Information

| Burglary Force Involved | Criminal Activity | Weapon/Force Used |
|---|---|---|
| ☐ Yes  ☐ No | Possessing/Concealing | Automatic Handgun |

### Investigative Narrative

These officers 14B (███████████) while on routine in the area of 30th and Market Street, which is a known high crime area, observed a white four door Chevrolet Caprice bearing Delaware registration 740925 pulling out of the gas station parking lot. These officers then proceeded to perform a wanted/stolen check on the vehicle registration. Further investigation revealed that the vehicle was reported transferred on 1/19/07. These officers followed the vehicle going North on Market Street and then East on East 31st Street in the unit block where we conducted a motor vehicle stop by activating our emergency lights. These officers advised Wilcom of the location of the vehicle stop, the reason, and the number of occupants in the vehicle. These officers approached the vehicle and asked the operator who identified himself as (King, Marzette BM 3/7/79) for his drivers license, registration and proof of insurance. The operator advised that he had no drivers license, registration or proof of insurance. These officers wrote down his name and checked his wanted status through the Leiss system. The operator/defendant came back with a suspended Delaware drivers license, a capias for a traffic violation along with a caution code for possibly being armed.

These officers then approached the vehicle and asked the operator/defendant to exit the vehicle at which time he was placed into custody and searched for illegal substances or contraband which concluded with negative results. This officer placed the defendant into the back seat of the patrol vehicle and started to notify Data for the tow truck. The vehicle was going to be towed due to the fact that the defendant was driving while suspended, no proof of insurance for the vehicle, and failure to transfer the title. (██████████) proceeded to search the vehicle to complete the vehicle inventory form prior to the tow. During the search of the truck area a dark gray and black 9MM Ruger automatic handgun (model P89 Serial number 314-67112) was located in the truck of the vehicle under a large dark gray plastic bag.

(██████████) advised this officer about the handgun at which time this officer responded to the trunk and (with gloves on) safely unloaded the weapon. It should be noted the handgun was loaded with eleven total 9MM bullets. There was one live round in the chamber and ten in the magazine. The bullets were (9) nine RP 9MM Lugers and (2) two GFL 9MM Lugers. After safely unloading the weapon this officer secured it in the trunk of the patrol vehicle. The defendant who was sitting in the back of the police vehicle at the time observed what was recovered from the trunk of the vehicle and immediate "Yelled out that I did not know where it came from, I just bought the vehicle four days ago and had not checked the trunk.

These officers then continued to do an inventory on the vehicle. On the back seat of the vehicle was a black bag containing hair clippers and a yellow towel. The trunk of the vehicle contained a a clear plastic Autozone bag containing car care products, one spare tire, one large gray plastic bag containing two large white tank top tee shirts, white Nike hightop shoes (9 1/2 in size) blue jeans (34 inch waste) four pair of white ankle socks, and several miscellaneous car parts. The vehicle was towed by First State Towing (Impound #62228) from the above location to there tow yard.

These officers transported the defendant to Central where he was processed and booked into Turnkey. EDU was notified and took possession of the firearm for processing. (██████████) was notified about the incident.

Due to the defendant's criminal history which included a felony adult arrest, with a conviction, making him eligible for FED UP. These officers notified ATF Agent (Patrick Fyock) about the incident. ATF Agent Fyock responded to Central where he read the defendant his Miranda Rights in the presence of these officers. The defendant advised that he understood his Miranda Rights and elected to speak with officers without his attorney present. The

| Reporting Officer | Pending Supervisory Review: |
|---|---|
| PTLM SCHOLL - 7366 2 | |

## Investigative Narrative - Continued

defendant also signed an ATF waiver form agreeing to be interviewed. During the interview the defendant stated he bought the vehicle four days ago for $400.00 from an unknown white male subject. The defendant described the unknown white male subject as being slim, dusty looking and around 35 years old. The defendant then states that he purchased the vehicle from the subject around the unit block of East 31st Street and then took the subject to Philadelphia Pike near the State Police Troop where he dropped him off. The defendant further stated that he has the title in his jacket at his house that was signed by some girl (the registered owner of the vehicle ▓▓▓▓▓▓▓▓▓▓▓▓ WF 5/2/82). The defendant then stated that he was only concerned with the engine and only checked under the hood of the vehicle. He further advised that he never opened or checked the trunk of the vehicle. The defendant stated that he had just left from Probation and Parole because he has community service to perform.


It should be noted that the defendant stated he did not have a job however he just purchased the vehicle for $400.00 and then was in possession of $316.00 at time of this incident. The defendant stated he got the money from girls who thought he could sing very well.


Prosecution will be declined in lue of Federal Prosecution in accordance with Operation FED UP.

| Reporting Officer<br>PTLM SCHOLL - 73662 | | Pending Supervisory Review: | | |
|---|---|---|---|---|
| Detective Notified | | Referred To | | |
| Solvability Factors | ☐ Witness<br>☐ Suspect Located | ☐ M.O.<br>☐ Suspect Described | ☐ Trace Stolen Property<br>☐ Suspect Identified | ☐ Suspect Named<br>☐ Suspect Vehicle Identified | Status |

00000061

# EXHIBIT B

**U.S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

# Report of Investigation

| Title of Investigation: | Investigation Number: | Report Number: |
|---|---|---|
| Marzette King (fedup) | 761035-07-0062 | 2 |

## SUMMARY OF EVENT:

Investigative Activity

## NARRATIVE:

1. On 6/5/07, SACFI ▇▇▇ and WPD ▇▇▇ went to the Auto Zone store, ▇▇▇ Wilmington, DE to interview ▇▇▇, W/M, DOB ▇▇▇. ▇▇▇ was the sales clerk, who on 5/27/07 at approximately 9:32 AM sold some automotive products that were found in MARZETTE KING'S trunk when he was arrested by the WPD on 5/31/07.

2. ▇▇▇ advised that he was working the day shift (9AM - 2 PM) on 5/27/07 and did recall the aforementioned transaction. ▇▇▇ was shown a 6-person photo lineup and was asked if he could identify the person who made the purchases on 5/27/07. ▇▇▇ looked at the photo lineup but could not make a positive identification.

3. On 6/5/07, SACFI ▇▇▇ identified the person who sold MARZETTE KING the 1992 Caprice Classic bearing Delaware Registration 740925. This person was identified ▇▇▇ r, ▇▇▇. ▇▇▇ advised that on or about 5/21/07 or 5/22/07, he sold the above vehicle for $400.00 to a dark skinned black male with a stocky build. During the transaction, ▇▇▇ was never introduced and did not know this individuals name. ▇▇▇ showed ▇▇▇ a color photograph of MARZETTE KING and asked him if this was the person he sold the car too. ▇▇▇ looked at the photograph and advised that he was 80% percent sure that this was the person who bought his vehicle. ▇▇▇ further advised that after the transaction, another black male whom he knew as ▇▇▇ gave him a ride to the Wawa on Philadelphia Pike.

4. ▇▇▇ advised that he did not own any handguns and did not leave one in the trunk when he sold his vehicle to MARZETTE KING. ▇▇▇ further advised that he was the only person who drove the vehicle, there was only one set of keys and he did not leave a bag of automotive products in the trunk. ▇▇▇ provided a sworn statement ▇▇▇.

| Prepared by: | Title: | Signature: | Date: |
|---|---|---|---|
| Paul D. Gemmato | Special Agent, Wilmington Field Office | | |
| Authorized by: | Title: | Signature: | Date: |
| Richard S. Young | Resident Agent in Charge, Wilmington Field Office | | |
| Second level reviewer (optional): | Title: | Signature: | Date: |
| Gregory K. Gant | Special Agent in Charge, Baltimore Field Division | | |

Case 1:07-cr-00089-JJF   Document 30-3   Filed 03/03/2008   Page 7 of 7

| Title of Investigation: | Investigation Number: | Report Number: |
|---|---|---|
| Marzette King (fedup) | 761035-07-0062 | 2 |

5. The information provided by Tabor about the vehicle transaction does correspond with the information provided by MARZETTE KING when he was arrested by the WPD on 5/31/07.

A ███████████████████████████