# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 07-89-JJF |
| | ) | |
| MARZETTE KING, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT SET OF PROPOSED JURY INSTRUCTIONS

The parties, through undersigned counsel, hereby move the Court to consider the following Joint Set of Proposed Jury Instructions.  Instructions that are contingent on future events are listed in italics.  Neither party has any objection to the proposed instructions; however, the parties wish to reserve the right to request a modification of the instructions or to request any other such additional instructions suggested by the evidence.

Respectfully submitted,

Luis A. Ortiz, Esquire
Assistant Federal Public Defender
Attorney for the Defendant

COLM F. CONNOLLY
United States Attorney

*Christopher J. Burke*
Christopher J. Burke
Assistant United States Attorney
Attorney for the Plaintiff

Dated: April 7, 2008

## TABLE OF CONTENTS

I. PRELIMINARY INSTRUCTIONS ........................................... 1

ROLE OF THE JURY ...................................................... 1

CONDUCT OF THE JURY ................................................. 3

EVIDENCE (WHAT IS; IS NOT) .......................................... 5

DIRECT AND CIRCUMSTANTIAL EVIDENCE ................................... 8

CREDIBILITY OF WITNESSES ............................................. 9

NATURE OF THE INDICTMENT ............................................ 11

ELEMENTS OF THE OFFENSES CHARGED ................................... 12

PRESUMPTION OF INNOCENCE;
      BURDEN OF PROOF; REASONABLE DOUBT ........................... 13

II. FINAL INSTRUCTIONS ............................................... 15

A. GENERAL INSTRUCTIONS ............................................ 15

ROLE OF JURY ....................................................... 15

EVIDENCE .......................................................... 16

DIRECT AND CIRCUMSTANTIAL EVIDENCE ................................ 19

CREDIBILITY OF WITNESSES ........................................... 21

NOT ALL EVIDENCE, NOT ALL WITNESSES NEEDED ........................ 23

PRESUMPTION OF INNOCENCE;
      BURDEN OF PROOF; REASONABLE DOUBT ........................... 24

B. NATURE OF THE INDICTMENT ........................................ 26

INTRODUCTION ...................................................... 26

ON OR ABOUT ............................................................... 27

COUNT ONE POSSESSION OF A FIREARM BY A FELON
ESSENTIAL ELEMENTS ..................................................... 28

STIPULATION REGARDING
  DEFENDANT'S PRIOR FELONY CONVICTION ........................... 29

EVIDENCE OF PRIOR CONVICTION ......................................... 30

"FIREARM" - DEFINED ..................................................... 31

"POSSESSION" DEFINED .................................................... 32

"KNOWINGLY" DEFINED .................................................... 34

"IN OR AFFECTING INTERSTATE COMMERCE" DEFINED ...................... 35

C. CONSIDERATION OF EVIDENCE .......................................... 36

INTRODUCTION ............................................................ 36

STIPULATION OF FACT ..................................................... 37

OPINION EVIDENCE (EXPERT WITNESSES)
  (*if applicable*) ................................................... 38

SPECIFIC INVESTIGATIVE TECHNIQUES NOT REQUIRED
  (*if applicable*) ................................................... 39

CREDIBILITY OF WITNESSES – LAW ENFORCEMENT OFFICER ................. 40

DEFENDANT'S CHOICE NOT TO TESTIFY
  (*if applicable*) ................................................... 41

DEFENDANT'S TESTIMONY
  (*if applicable*) ................................................... 42

D. DELIBERATIONS AND VERDICT .......................................... 43

INTRODUCTION ............................................................ 43

UNANIMOUS VERDICT ...................................................... 44

DUTY TO DELIBERATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

PUNISHMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

VERDICT FORM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

COURT HAS NO OPINION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

VERDICT FORM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

# I. **PRELIMINARY INSTRUCTIONS**

## **ROLE OF THE JURY**

Now that you have been sworn, let me tell you what your role is as jurors in this case.

Under our system of justice, the role of the jury is to find the facts of the case based on the evidence presented in the trial. You must decide the facts only from the evidence presented to you in this trial.

From the evidence that you will hear and see in court, you will decide what the facts are and then apply to those facts the law that I will give to you in my final instructions. That is how you will reach your verdict.

Whatever your verdict, it will have to be unanimous. All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind. Therefore, each of you has a responsibility which you cannot avoid and you should do your best throughout the trial to fulfill this responsibility.

I play no part in finding the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or about what your verdict should be. My role is to make whatever legal decisions have to be made during the course of the trial and to explain to you the legal principles that must guide you in your decisions.

You must apply my instructions about the law. Each of the instructions is important. You must not substitute your own notion or opinion about what the law is or ought to be. You must follow the law that I give to you, whether you agree with it or not.

-1-

Perform these duties fairly and impartially.  Do not allow sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religion, national ancestry, or gender.

Model Criminal Jury Instructions, 3d Cir. § 1.02.

## **CONDUCT OF THE JURY**

Here are some important rules about your conduct as jurors:

(1) Keep an open mind. Do not make up your mind about the verdict until you have heard all of the evidence, and I have given final instructions about the law at the end of the trial, and you have discussed the case with your fellow jurors during your deliberations.

(2) Do not discuss the case among yourselves until the end of the trial when you retire to the jury room to deliberate. You need to allow each juror the opportunity to keep an open mind throughout the entire trial. During trial you may talk with your fellow jurors about anything else of a personal nature or of common interest.

(3) During the trial you should not speak to any of the parties, lawyers, or witnesses involved in this case, not even to pass the time of day. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either.

(4) Do not talk with anyone else or listen to others talk about this case until the trial has ended and you have been discharged as jurors. It is important not only that you do justice in this case, but that you give the appearance of justice. If anyone should try to talk to you about the case during the trial, please report that to me, through my courtroom deputy, immediately. Do not discuss this situation with any other juror.

(5) Do not discuss the case with anyone outside the courtroom or at home, including your family and friends. You may tell your family or friends that you have been selected as a juror in a case and you may tell them how long the trial is expected to last. However, you should also tell

them that the judge instructed you not to talk any more about the case and that they should not

talk to you about it.  The reason for this is that sometimes someone else's thoughts can influence

you.  Your thinking should be influenced only by what you learn in the courtroom.

(6) Until the trial is over and your verdict is announced, do not watch or listen to any

television or radio news programs or reports about the case, or read any news or Internet stories

or articles about the case, or about anyone involved with it.

(7) Also, do not do any research or make any investigation on your own about any matters

relating to this case or this type of case.  This means, for example, that you must not visit the

scene, conduct experiments, consult reference works or dictionaries, or search the Internet for

additional information.  You must decide this case based only on the evidence presented in the

courtroom and my instructions about the law.  It would be improper for you to try to supplement

that information on your own.

(8) Finally, you should not concern yourselves with or consider the possible punishment

that might be imposed if you return a verdict of guilty.

Model Criminal Jury Instructions, 3d Cir. § 1.03.

-4-

# EVIDENCE (WHAT IS; IS NOT)

You must make your decision in this case based only on the evidence that you see and hear in the courtroom. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that is stipulated; that is, formally agreed to by the parties.

The following are not evidence:

(1) Statements and arguments of the lawyers for the parties in this case;

(2) Questions by the lawyers and questions that I might ask. You must not assume that a fact is true just because one of the lawyers or I ask a question about it. It is the witness's answers that are evidence. Of course, you may need to consider the question to know what a witness means by his or her answer. For example, if a witness answers yes to a question, you will have to consider the question to understand what the witness is saying.

(3) Objections by lawyers, including objections in which the lawyers state facts;

(4) Any testimony I strike or tell you to disregard; and

(5) Anything you may see or hear about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience and common sense tell you that certain evidence reasonably leads to

a conclusion, you may reach that conclusion.

The rules of evidence control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. An objection simply means that the lawyer is asking me to decide whether the evidence should be allowed under the rules. Lawyers have a responsibility to their clients to make objections when they think evidence being offered is improper under the rules of evidence. You should not be influenced by the fact that an objection is made.

You should also not be influenced by my rulings on objections to evidence. If I overrule an objection, the question may be answered or the exhibit may be received as evidence, and you should treat the testimony or exhibit like any other. I may allow evidence (testimony or exhibits) only for a limited purpose. If I do that, I will instruct you to consider the evidence only for that limited purpose, and you must follow that instruction.

If I sustain an objection, the question will not be answered or the exhibit will not be received as evidence. Whenever I sustain an objection, you must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objects or before I rule on the objection. If that happens and if I sustain the objection, you should disregard the answer that was given.

Also, I may order that some testimony or other evidence be stricken or removed from the record. If I do that, I will instruct you to disregard that evidence. That means, when you are deciding the case, you must not consider or be influenced in any way by the testimony or other

-6-

evidence that I told you to disregard.

Although the lawyers may call your attention to certain facts or factual conclusions that they think are important, what the lawyers say is not evidence and is not binding on you. It is your own recollection and interpretation of the evidence that controls your decision. Also, do not assume from anything I do or say during the trial that I have any opinion about the evidence or about any of the issues in this case or about what your verdict should be.

Model Criminal Jury Instructions, 3d Cir. § 1.08.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence." You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses — something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could find or infer the existence of some other fact or facts. An inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. An inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could find or conclude that it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what inferences you will draw based on all the evidence.

You should consider all the evidence that is presented in this trial, direct and circumstantial. The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It is for you are to decide how much weight to give any evidence.

Model Criminal Jury Instructions, 3d Cir. § 1.09.

-8-

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Is the witness truthful? Is the witness's testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gives, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testifies;

(2) The quality of the witness's knowledge, understanding, and memory;

(3) The witness's appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect that the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that is different from the witness's testimony in court;

(7) Whether the witness's testimony is consistent or inconsistent with other evidence that you believe; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness's testimony or between the testimony of different witnesses may or may not cause you to disbelieve that witness's testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should consider whether it is about a matter of importance or an insignificant detail. You should also consider whether the inconsistency is innocent or intentional.

You are not required to accept testimony even if the testimony is not contradicted and the witness is not impeached. You may decide that the testimony is not worthy of belief because of the witness's bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness's testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important than numbers is how believable the witnesses are, and how much weight you think their testimony deserves.

Model Criminal Jury Instructions, 3d Cir. § 1.10.

## NATURE OF THE INDICTMENT

The government has charged the defendant with violating federal law, specifically being a felon in possession of a firearm. The charges against the defendant are contained in the Indictment. An indictment is just the formal way of specifying the exact crimes the defendant is accused of committing. An indictment is simply a description of the charges against a defendant. It is an accusation only. An indictment is not evidence of anything, and you should not give any weight to the fact that the defendant has been indicted in making your decision in this case.

Model Criminal Jury Instructions, 3d Cir. § 1.11.

## ELEMENTS OF THE OFFENSES CHARGED

In Count One, the Indictment charges the defendant with being a felon in possession of a firearm. To help you follow the evidence, I will now give you a brief summary of the elements of that offense, each of which the government must prove beyond a reasonable doubt in order to convict the defendant of the offense charged. The elements are:

> **First**: That defendant has been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year;
>
> **Second**: That after this conviction, the defendant knowingly possessed the firearm described in the Indictment; and
>
> **Third**: That defendant's possession was in or affecting interstate or foreign commerce.

What I have just told you is only a preliminary outline of the elements of the offense charged. At the end of trial, I will give you final instructions on the elements of the offense charged and on other matters of law. Those final instructions will be more detailed; they will guide you in reaching your verdict in this case.

Model Criminal Jury Instructions, 3d Cir. §§ 1.12; 6.18.922G.

## PRESUMPTION OF INNOCENCE;
## BURDEN OF PROOF; REASONABLE DOUBT

The defendant has pleaded not guilty to the offense charged. The defendant is presumed to be innocent. He starts the trial with a clean slate, with no evidence against him. The presumption of innocence stays with the defendant unless and until the government presents evidence that overcomes that presumption by convincing you that the defendant, Marzette King, is guilty of the offense charged beyond a reasonable doubt. The presumption of innocence requires that you find the defendant not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that the defendant has no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof is on the government to prove that the defendant is guilty, and this burden stays with the government throughout the trial.

In order for you to find the defendant guilty of the offense charged, the government must convince you that the defendant is guilty beyond a reasonable doubt. That means that the government must prove each and every element of the offense charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture or speculation are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. A reasonable doubt means a doubt that would cause an ordinary reasonable person

-13-

to hesitate to act in matters of importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

　　　If, after hearing all the evidence, you are convinced that the government has proved the defendant, Marzette King, guilty beyond a reasonable doubt, you should return a verdict of guilty. However, if you have a reasonable doubt as to an element of an offense, then you must return a verdict of not guilty.

Model Criminal Jury Instructions, 3d Cir. § 1.13.

-14-

## II. **FINAL INSTRUCTIONS**

### A. **GENERAL INSTRUCTIONS**
### **ROLE OF JURY**

Members of the jury, you have seen and heard all the evidence and the arguments of the lawyers. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial. That is your job and yours alone. I play no part in finding the facts. You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts. My role now is to explain to you the legal principles that must guide you in your decisions. You must apply my instructions carefully. Each of the instructions is important, and you must apply all of them. You must not substitute or follow your own notion or opinion about what the law is or ought to be. You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous. All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind. This is a responsibility that each of you has and that you cannot avoid.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender.

Model Criminal Jury Instructions, 3d Cir. § 3.01.

-15-

## EVIDENCE

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

*((4) Any facts that have been judicially noticed--that is, facts which I say you may accept as true even without other evidence.)*

The following are not evidence:

(1) The Indictment;

(2) Statements and arguments of the lawyers for the parties in this case;

(3) Questions by the lawyers and questions that I might have asked;

(4) Objections by lawyers, including objections in which the lawyers stated facts;

(5) Any testimony I struck or told you to disregard; and

(6) Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be

-16-

received into evidence. During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence. These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made. You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard. When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other. When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence. You must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection. If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence. When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you. It is your own recollection and interpretation of the evidence that controls your decision in this case. Also, do not assume from anything I may have done or said during the trial

-17-

that I have any opinion about any of the issues in this case or about what your verdict should be.

Model Criminal Jury Instructions, 3d Cir. § 3.02.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence." You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses — something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts. A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. A reasonable inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that is presented in this trial, direct and circumstantial. The law makes no distinction between the weight that you should give to either

-19-

direct or circumstantial evidence.  It is for you to decide how much weight to give any evidence.

Model Criminal Jury Instructions, 3d Cir. § 3.03.

## CREDIBILITY OF WITNESSES

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Was the witness truthful? Was the witness's testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness's knowledge, understanding, and memory;

(3) The witness's appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness's testimony in court;

-21-

(7) Whether the witness's testimony was consistent or inconsistent with other evidence that you believe; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness's testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness's testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness's bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness's testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

Model Criminal Jury Instructions, 3d Cir. § 3.04.

-22-

## **NOT ALL EVIDENCE, NOT ALL WITNESSES NEEDED**

Although the government is required to prove the defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case. In addition, as I have explained, the defendant is not required to present any evidence or produce any witnesses.

Model Criminal Jury Instructions, 3d Cir. § 3.05.

## PRESUMPTION OF INNOCENCE;
## BURDEN OF PROOF; REASONABLE DOUBT

The defendant pleaded not guilty to the offense charged. The defendant is presumed to be innocent. He started the trial with a clean slate, with no evidence against him. The presumption of innocence stays with the defendant unless and until the government has presented evidence that overcomes that presumption by convincing you that the defendant is guilty of the offenses charged beyond a reasonable doubt. The presumption of innocence requires that you find the defendant not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that the defendant has no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof is on the government to prove that the defendant is guilty and this burden stays with the government throughout the trial.

In order for you to find the defendant guilty of the offenses charged, the government must convince you that the defendant is guilty beyond a reasonable doubt. That means that the government must prove each and every element of the offenses charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of

importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense. However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

Model Criminal Jury Instructions, 3d Cir. § 3.06.

## B. **NATURE OF THE INDICTMENT**

### **INTRODUCTION**

As you know, the defendant is charged in the Indictment with violating federal law, specifically being a felon in possession of a firearm. As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact crimes the defendant is accused of committing. An indictment is simply a description of the charges against a defendant. It is an accusation only. An indictment is not evidence of anything, and you should not give any weight to the fact that the defendant has been indicted in making your decision in this case.

Model Criminal Jury Instructions, 3d Cir. § 3.07.

## ON OR ABOUT

The Indictment charges that the offense was committed "on or about" a certain date: May 31, 2007. The government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

Model Criminal Jury Instructions, 3d Cir. § 3.08.

## COUNT ONE
## POSSESSION OF A FIREARM BY A FELON
## ESSENTIAL ELEMENTS

Count One of the Indictment charges the defendant, Marzette King, with being a felon in possession of a firearm, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

> **First**:  That Marzette King has been convicted of a felony, that is, a crime
>
> punishable by imprisonment for a term exceeding one year;
>
> **Second**: That after this conviction, Marzette King knowingly possessed
>
> the firearm described in Count One of the Indictment; and
>
> **Third**: That Marzette King's possession was in or affecting interstate
>
> or foreign commerce.

Model Criminal Jury Instructions, 3d Cir. § 6.18.922G.

## STIPULATION REGARDING
## DEFENDANT'S PRIOR FELONY CONVICTION

With regard to the first element, the existence of a prior felony conviction, the parties have stipulated that Marzette King was convicted of a crime in the Superior Court for the State of Delaware in and for New Castle County, and that this crime is punishable by imprisonment for a term exceeding one year. The parties have also stipulated that this felony conviction occurred prior to the time that Marzette King is alleged to have possessed the firearm charged in the Indictment.

Model Criminal Jury Instructions, 3d Cir. § 6.18.922G-2.

## EVIDENCE OF PRIOR CONVICTION

You heard evidence through a stipulation that the defendant was convicted before this incident in the Superior Court for the State of Delaware in and for New Castle County of a crime punishable by imprisonment for a term exceeding one year. This prior conviction was brought to your attention only because it tends to establish one of the elements of the crime of possession of a firearm by a convicted felon as set forth in the Indictment. You are not to speculate as to the nature of the conviction. You may not consider the prior conviction in deciding whether Marzette King was in knowing possession of the firearm that he is charged in this case with possessing, which is a disputed issue in this case.

The fact that the defendant was found guilty of another crime on another occasion does not mean that he committed this crime on or about May 31, 2007, and you must not use his guilt of the other crime as proof of the crime charged in this case except for the one element of this crime which I have mentioned. You may find the defendant guilty of this crime only if the government has proved beyond a reasonable doubt all of the elements of this crime.

Model Criminal Jury Instructions, 3d Cir. § 6.18.922G-3.

-30-

## <u>"FIREARM" - DEFINED</u>

The term "firearm" means any weapon which will expel, or is designed to, or may readily be converted to expel, a projectile by the action of an explosive. *The parties have stipulated that Government's Exhibit 1 is a firearm, as I have just defined that term.*

Model Criminal Jury Instructions, 3d Cir. § 6.18.922A-2; 18 U.S.C. § 921(a)(3)(A).

## **"POSSESSION" DEFINED**

To establish the second element of the offense, the government must prove that Marzette King knowingly possessed the firearm described in the Indictment. To "possess" means to have something within a person's control.

I want to explain something further about possession. The government does not necessarily have to prove that the defendant physically held the firearm, that is, had actual possession of it, for you to find him guilty of this crime. The law recognizes two kinds of possession – actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict. Proof of ownership of the firearm is not required.

To establish actual possession, the government must prove that the defendant had direct, physical control over the firearm, and knew that he had control of it.

To establish constructive possession, the government must prove that the defendant knowingly had the power to exercise dominion and control over the firearm and that he had the intention to exercise dominion or control over the firearm at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

The law recognizes also that "possession" may be sole or joint. If one person possesses a firearm, that is sole possession. However, more than one person may have the power and intention to exercise control over a firearm. This is called joint possession.

But understand that just being present where an item is located does not automatically

-32-

equal possession. Mere proximity to the firearm or mere presence on the property where it is located or mere association with the person who does control the firearm or the property, is insufficient to support a finding of possession.

The government must prove that the defendant knowingly possessed the firearm described in the Indictment for you to find him guilty of this crime.

Adapted from Model Criminal Jury Instruction, 3d Cir. § 6.18.922G-4; Pattern Criminal Jury Instructions, 6th Circuit, § 2.10, *United States v. Iafelice*, 978 F.2d 92, 96 (3d Cir. 1992).

## "KNOWINGLY" DEFINED

The government must prove that the defendant "knowingly" possessed the firearm charged in the Indictment. This means that the government must prove beyond a reasonable doubt that the defendant was conscious and aware of the nature of his actions and that he possessed the firearm purposely and voluntarily, and not by accident or mistake. It also means that the defendant knew the object was a firearm.

In deciding whether the defendant acted "knowingly", you may consider evidence about what the defendant said, what the defendant did and failed to do, how the defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendant's mind at that time.

The government is not required to prove that the defendant knew that he could not lawfully possess a firearm, or that the defendant possessed the firearm with the intent to cause harm.

Adapted from Model Criminal Jury Instructions, 3d Cir. §§ 6.18.922G-4 & 5.02; *United States v. Dodd*, 225 F.3d 340, 344 (3d Cir. 2000).

-34-

## **"IN OR AFFECTING INTERSTATE COMMERCE" DEFINED**

The third element that the government must prove beyond a reasonable doubt is that the firearm specified in the Indictment was in or affecting interstate commerce. This means that the government must prove that at some time before the defendant's possession, the firearm had traveled in interstate commerce.

It is sufficient for the government to satisfy this element by proving that at any time prior to the date charged in the Indictment, the firearm crossed a state line. The government does not need to prove that Marzette King himself carried it across a state line, or to prove who carried it across or how it was transported. It is also not necessary for the government to prove that Marzette King knew that the firearm had traveled in interstate commerce.

In this regard, there has been evidence that the firearm in question was manufactured in a different state than the state where Marzette King is charged with possessing it. You are permitted to infer from this fact that the firearm traveled in interstate commerce; however, you are not required to do so.

*The parties have stipulated that Government's Exhibit 1, the firearm at issue in this case, was manufactured in the State of Arizona and traveled across state lines prior to being found by Wilmington Police Department officers on May 31, 2007 and thus, that the firearm was in or affecting interstate commerce as of that date.*

Model Criminal Jury Instructions, 3d Cir. § 6.18.922G-5.

## C. **CONSIDERATION OF EVIDENCE**

## **INTRODUCTION**

That concludes the part of my instructions explaining the elements of the crime charged.

Next I will explain some rules that you must use in considering some of the testimony and evidence.

Pattern Criminal Jury Instructions, 6th Circuit, §7.01.

## **STIPULATION OF FACT**

The government and the defendant have agreed that certain facts contained in stipulations signed by the parties are true. You should therefore treat these facts as having been proved. You are not required to do so, however, since you are the sole judge of the facts.

Model Criminal Jury Instructions, 3d Cir. § 4.02.

## OPINION EVIDENCE (EXPERT WITNESSES)
### (*if applicable*)

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from (*insert name*).  Because of his knowledge, skill, experience, training, or education in the field of (*witness field*), (*insert name*) is permitted to offer an opinion in that field and the reasons for that opinion.

The opinion this witness stated should receive whatever weight you think appropriate, given all the other evidence in the case.  In weighing this opinion testimony you may consider the witness's qualifications, the reasons for the witness's opinions, and the reliability of the information supporting the witness's opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses.  You may disregard the opinion entirely if you decide that (*insert name)*'s opinion is not based on sufficient knowledge, skill, experience, training, or education.  You may also disregard the opinion if you conclude that the reasons given in support of the opinion are not sound, or if you conclude that the opinion is not supported by the facts shown by the evidence, or if you think that the opinion is outweighed by other evidence.

Model Criminal Jury Instructions, 3d Cir. § 4.08.

-38-

## SPECIFIC INVESTIGATIVE TECHNIQUES NOT REQUIRED
### (*if applicable*)

During the trial you heard testimony of witnesses and argument by counsel that the government did not use specific investigative techniques such as *(mention omitted techniques that have been addressed in testimony or argument)*. You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, there is no legal requirement that the government use any of these specific investigative techniques or all possible techniques to prove its case. There is no requirement to *(mention omitted techniques)*.

Your concern, as I have said, is to determine whether or not the evidence admitted in this trial proves the defendant's guilt beyond a reasonable doubt.

Model Criminal Jury Instructions, 3d Cir. § 4.14.

## CREDIBILITY OF WITNESSES – LAW ENFORCEMENT OFFICER

You have heard the testimony of law enforcement officers.  The fact that a witness is employed as a law enforcement officer does not mean that his testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

Model Criminal Jury Instructions, 3d Cir. § 4.18.

## DEFENDANT'S CHOICE NOT TO TESTIFY
### (*if applicable*)

The defendant did not testify in this case. A defendant has an absolute constitutional right not to testify. The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent. You must not attach any significance to the fact that the defendant did not testify. You must not draw any adverse inference against him because he did not take the witness stand. Do not consider, for any reason at all, the fact that the defendant did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.

Model Criminal Jury Instructions, 3d Cir. § 4.27.

## **DEFENDANT'S TESTIMONY**
(*if applicable*)

In a criminal case, the defendant has a constitutional right not to testify. However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, the defendant testified. You should examine and evaluate his testimony just as you would the testimony of any witness.

Model Criminal Jury Instructions, 3d Cir. § 4.28.

## D. <u>DELIBERATIONS AND VERDICT</u>
### <u>INTRODUCTION</u>

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, have your foreperson sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

Pattern Criminal Jury Instructions, 6th Circuit, §8.01.

## **UNANIMOUS VERDICT**

Your verdict, as to each Count charged in the Indictment, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves the defendant's guilt beyond a reasonable doubt as to the crime charged in the Indictment.

To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

After you have reached unanimous agreement as to the guilt or innocence of the defendant with respect to the Indictment, you then return to the courtroom. Your foreperson, who by custom of this Court is the No. 1 juror, in answer to a question asked by the Clerk, will give your verdict of either "Not Guilty" or "Guilty" with respect to the charge of the Indictment.

Pattern Criminal Jury Instructions, 6th Circuit, §8.03.

## **DUTY TO DELIBERATE**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that – your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

Pattern Criminal Jury Instructions, 6th Circuit, §8.04.

## **PUNISHMENT**

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

Pattern Criminal Jury Instructions, 6th Circuit, §8.05.

## VERDICT FORM

I have prepared a verdict form that you should use to record your verdict. The form will be given to the foreperson.

If you decide that the government has proven a charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proven a charge against the defendant beyond a reasonable doubt, say so by having your foreperson make the appropriate place on the form.

Each of you should then sign the form, put the date on it, and return it to me.

Pattern Criminal Jury Instructions, 6th Circuit, §8.06.

## **COURT HAS NO OPINION**

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

Pattern Criminal Jury Instructions, 6th Circuit, §8.09.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,    )
    )
           Plaintiff,    )
    )
        v.    )  Criminal Action No. 07-89-JJF
    )
MARZETTE KING,    )
    )
          Defendant.    )

### VERDICT FORM

As to Count One, charging the defendant with possession of a firearm by a convicted felon,

we the jury find the defendant

_____ Not Guilty             _____ Guilty.


_____    _____

Jury Foreman                Juror


_____    _____

Juror                Juror


_____    _____

Juror                Juror

-49-

_____  _____
Juror          Juror


_____  _____
Juror          Juror


_____  _____
Juror          Juror


Dated:   April _____, 2008