**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 07-89-JJF |
| | ) | |
| MARZETTE KING, | ) | |
| | ) | |
| Defendant. | ) | |

**FINAL JURY INSTRUCTIONS**

APR 16 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

# TABLE OF CONTENTS

A. GENERAL INSTRUCTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ROLE OF JURY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

DIRECT AND CIRCUMSTANTIAL EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

NOT ALL EVIDENCE, NOT ALL WITNESSES NEEDED . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

PRESUMPTION OF INNOCENCE;
    BURDEN OF PROOF; REASONABLE DOUBT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

B. NATURE OF THE INDICTMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

ON OR ABOUT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

COUNT ONE POSSESSION OF A FIREARM BY A FELON
ESSENTIAL ELEMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

STIPULATION REGARDING
    DEFENDANT'S PRIOR FELONY CONVICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

EVIDENCE OF PRIOR CONVICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

"FIREARM" - DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

"POSSESSION" DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

"KNOWINGLY" DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

"IN OR AFFECTING INTERSTATE COMMERCE" DEFINED . . . . . . . . . . . . . . . . . . . . . . . 20

C. CONSIDERATION OF EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

STIPULATION OF FACT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

SPECIFIC INVESTIGATIVE TECHNIQUES NOT REQUIRED  . . . . . . . . . . . . . . . . . . . . . 23

CREDIBILITY OF WITNESSES – LAW ENFORCEMENT OFFICER . . . . . . . . . . . . . . . . . 24

DEFENDANT'S CHOICE NOT TO TESTIFY  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

D. DELIBERATIONS AND VERDICT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

INTRODUCTION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

UNANIMOUS VERDICT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

DUTY TO DELIBERATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

PUNISHMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

VERDICT FORM  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

COURT HAS NO OPINION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

## A. GENERAL INSTRUCTIONS
## ROLE OF JURY

Members of the jury, you have seen and heard all the evidence and the arguments of the lawyers. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial. That is your job and yours alone. I play no part in finding the facts. You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts. My role now is to explain to you the legal principles that must guide you in your decisions. You must apply my instructions carefully. Each of the instructions is important, and you must apply all of them. You must not substitute or follow your own notion or opinion about what the law is or ought to be. You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous. All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind. This is a responsibility that each of you has and that you cannot avoid.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender.

-1-

## **EVIDENCE**

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

The following are not evidence:

(1) The Indictment;

(2) Statements and arguments of the lawyers for the parties in this case;

(3) Questions by the lawyers and questions that I might have asked;

(4) Objections by lawyers, including objections in which the lawyers stated facts;

(5) Any testimony I struck or told you to disregard; and

(6) Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence. During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence. These objections simply meant that

-2-

the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made. You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard. When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other. When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence. You must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection. If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence. When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you. It is your own recollection and interpretation of the evidence that controls your decision in this case. Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

-3-

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence." You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses — something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts. A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. A reasonable inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that is presented in this trial, direct and

-4-

circumstantial.  The law makes no distinction between the weight that you should give to either direct or circumstantial evidence.  It is for you to decide how much weight to give any evidence.

## CREDIBILITY OF WITNESSES

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Was the witness truthful? Was the witness's testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness's knowledge, understanding, and memory;

(3) The witness's appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness's testimony in court;

-6-

(7) Whether the witness's testimony was consistent or inconsistent with other evidence that you believe; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness's testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness's testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness's bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness's testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

## NOT ALL EVIDENCE, NOT ALL WITNESSES NEEDED

Although the government is required to prove the defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case. In addition, as I have explained, the defendant is not required to present any evidence or produce any witnesses.

## PRESUMPTION OF INNOCENCE;
## BURDEN OF PROOF; REASONABLE DOUBT

The defendant pleaded not guilty to the offense charged. The defendant is presumed to be innocent. He started the trial with a clean slate, with no evidence against him. The presumption of innocence stays with the defendant unless and until the government has presented evidence that overcomes that presumption by convincing you that the defendant is guilty of the offenses charged beyond a reasonable doubt. The presumption of innocence requires that you find the defendant not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that the defendant has no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof is on the government to prove that the defendant is guilty and this burden stays with the government throughout the trial.

In order for you to find the defendant guilty of the offenses charged, the government must convince you that the defendant is guilty beyond a reasonable doubt. That means that the government must prove each and every element of the offenses charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of

the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense. However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

## B. **NATURE OF THE INDICTMENT**

### **INTRODUCTION**

As you know, the defendant is charged in the Indictment with violating federal law, specifically being a felon in possession of a firearm. As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact crimes the defendant is accused of committing. An indictment is simply a description of the charges against a defendant. It is an accusation only. An indictment is not evidence of anything, and you should not give any weight to the fact that the defendant has been indicted in making your decision in this case.

## **ON OR ABOUT**

The Indictment charges that the offense was committed "on or about" a certain date: May 31, 2007. The government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

## COUNT ONE
## POSSESSION OF A FIREARM BY A FELON
## ESSENTIAL ELEMENTS

Count One of the Indictment charges the defendant, Marzette King, with being a felon in possession of a firearm, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

> **First**: That Marzette King has been convicted of a felony, that is, a crime
>
> punishable by imprisonment for a term exceeding one year;
>
> **Second**: That after this conviction, Marzette King knowingly possessed
>
> the firearm described in Count One of the Indictment; and
>
> **Third**: That Marzette King's possession was in or affecting interstate
>
> or foreign commerce.

-13-

## **STIPULATION REGARDING**
## **DEFENDANT'S PRIOR FELONY CONVICTION**

With regard to the first element, the existence of a prior felony conviction, the parties

have stipulated that Marzette King was convicted of a crime in the Superior Court for the State of

Delaware in and for New Castle County, and that this crime is punishable by imprisonment for a

term exceeding one year. The parties have also stipulated that this felony conviction occurred

prior to the time that Marzette King is alleged to have possessed the firearm charged in the

Indictment.

## EVIDENCE OF PRIOR CONVICTION

You heard evidence through a stipulation that the defendant was convicted before this incident in the Superior Court for the State of Delaware in and for New Castle County of a crime punishable by imprisonment for a term exceeding one year. This prior conviction was brought to your attention only because it tends to establish one of the elements of the crime of possession of a firearm by a convicted felon as set forth in the Indictment. You are not to speculate as to the nature of the conviction. You may not consider the prior conviction in deciding whether Marzette King was in knowing possession of the firearm that he is charged in this case with possessing, which is a disputed issue in this case.

The fact that the defendant was found guilty of another crime on another occasion does not mean that he committed this crime on or about May 31, 2007, and you must not use his guilt of the other crime as proof of the crime charged in this case except for the one element of this crime which I have mentioned. You may find the defendant guilty of this crime only if the government has proved beyond a reasonable doubt all of the elements of this crime.

## **"FIREARM" - DEFINED**

The parties have stipulated that Government's Exhibit 1 is a firearm.

## "POSSESSION" DEFINED

To establish the second element of the offense, the government must prove that Marzette King knowingly possessed the firearm described in the Indictment. To "possess" means to have something within a person's control.

I want to explain something further about possession. The government does not necessarily have to prove that the defendant physically held the firearm, that is, had actual possession of it, for you to find him guilty of this crime. The law recognizes two kinds of possession – actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict. Proof of ownership of the firearm is not required.

To establish actual possession, the government must prove that the defendant had direct, physical control over the firearm, and knew that he had control of it.

To establish constructive possession, the government must prove that the defendant knowingly had the power to exercise dominion and control over the firearm and that he had the intention to exercise dominion or control over the firearm at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

The law recognizes also that "possession" may be sole or joint. If one person possesses a firearm, that is sole possession. However, more than one person may have the power and intention to exercise control over a firearm. This is called joint possession.

But understand that just being present where an item is located does not automatically

-17-

equal possession. Mere proximity to the firearm or mere presence on the property where it is located or mere association with the person who does control the firearm or the property, is insufficient to support a finding of possession.

The government must prove that the defendant knowingly possessed the firearm described in the Indictment for you to find him guilty of this crime.

## "KNOWINGLY" DEFINED

The government must prove that the defendant "knowingly" possessed the firearm charged in the Indictment. This means that the government must prove beyond a reasonable doubt that the defendant was conscious and aware of the nature of his actions and that he possessed the firearm purposely and voluntarily, and not by accident or mistake. It also means that the defendant knew the object was a firearm.

In deciding whether the defendant acted "knowingly", you may consider evidence about what the defendant said, what the defendant did and failed to do, how the defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendant's mind at that time.

The government is not required to prove that the defendant knew that he could not lawfully possess a firearm, or that the defendant possessed the firearm with the intent to cause harm.

## **"IN OR AFFECTING INTERSTATE COMMERCE" DEFINED**

The third element that the government must prove beyond a reasonable doubt is that the firearm specified in the Indictment was in or affecting interstate commerce. This means that the government must prove that at some time before the defendant's possession, the firearm had traveled in interstate commerce.

The parties have stipulated that Government's Exhibit 1, the firearm at issue in this case, was manufactured in the State of Arizona and traveled across state lines prior to being found by Wilmington Police Department officers on May 31, 2007 and thus, that the firearm was in or affecting interstate commerce as of that date.

## C. **CONSIDERATION OF EVIDENCE**

## **INTRODUCTION**

That concludes the part of my instructions explaining the elements of the crime charged.

Next I will explain some rules that you must use in considering some of the testimony and evidence.

## STIPULATION OF FACT

The government and the defendant have agreed that certain facts contained in stipulations signed by the parties are true. You should therefore treat these facts as having been proved. You are not required to do so, however, since you are the sole judge of the facts.

## SPECIFIC INVESTIGATIVE TECHNIQUES NOT REQUIRED

During the trial you heard testimony of witnesses and argument by counsel that the government did not use specific investigative techniques. You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, there is no legal requirement that the government use any of these specific investigative techniques or all possible techniques to prove its case.

Your concern, as I have said, is to determine whether or not the evidence admitted in this trial proves the defendant's guilt beyond a reasonable doubt.

## **CREDIBILITY OF WITNESSES – LAW ENFORCEMENT OFFICER**

You have heard the testimony of law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

## **DEFENDANT'S CHOICE NOT TO TESTIFY**

The defendant did not testify in this case. A defendant has an absolute constitutional right not to testify. The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent. You must not attach any significance to the fact that the defendant did not testify. You must not draw any adverse inference against him because he did not take the witness stand. Do not consider, for any reason at all, the fact that the defendant did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.

## D. **DELIBERATIONS AND VERDICT**
## **INTRODUCTION**

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, have your foreperson sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

## UNANIMOUS VERDICT

Your verdict, as to each Count charged in the Indictment, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves the defendant's guilt beyond a reasonable doubt as to the crime charged in the Indictment.

To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

After you have reached unanimous agreement as to the guilt or innocence of the defendant with respect to the Indictment, you then return to the courtroom. Your foreperson, who by custom of this Court is the No. 1 juror, in answer to a question asked by the Clerk, will give your verdict of either "Not Guilty" or "Guilty" with respect to the charge of the Indictment.

## **DUTY TO DELIBERATE**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that – your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

## **PUNISHMENT**

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

## **VERDICT FORM**

I have prepared a verdict form that you should use to record your verdict. The form will be given to the foreperson.

If you decide that the government has proven a charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proven a charge against the defendant beyond a reasonable doubt, say so by having your foreperson make the appropriate place on the form.

Each of you should then sign the form, put the date on it, and return it to me.

-30-

## **COURT HAS NO OPINION**

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 07-89-JJF |
| | ) | |
| MARZETTE KING, | ) | |
| | ) | |
| Defendant. | ) | |

## **VERDICT FORM**

As to Count One, charging the defendant with possession of a firearm by a convicted felon,

we the jury find the defendant

_____ Not Guilty                                _____ Guilty.


_____          _____

Jury Foreman                                Juror


_____          _____

Juror                                Juror


_____          _____

Juror                                Juror

_____

Juror

_____

Juror

_____

Juror

_____

Juror

_____

Juror

_____

Juror

Dated:   April _____, 2008